SEALED

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

MAY 2 6 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

# United States District Court

**NORTHERN** _____ **DISTRICT OF** _____ **TEXAS**

| | |
|---|---|
| **In the Matter of the Search of**<br><sub>(Name, address or Brief description of person, property or premises to be searched)</sub><br>An Apple iPhone 5S, IMEI 579C-E2642B, with and FCC ID BCG-E2642A, which is white and gold in color, currently in the custody of the Mesquite Police Department, 777 North Avenue, Mesquite, Texas 75149 | **APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT**<br><br>**CASE NUMBER:** 3:16-MJ- 459- BH |

I __Jennifer McCarty__ being duly sworn depose and say:

I am a(n) **Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)** and have reason to believe that on the person of or **XX** on the property or premises known as <sub>(name, description and/or location)</sub>

(SEE ATTACHMENT A).

in the Northern District of Texas there is now concealed a certain person or property, namely (describe the person or property to be seized)

(SEE ATTACHMENT B).

**which is** <sub>(state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)</sub>
property that constitutes evidence of the commission of a crime, contraband, the fruits of crime, and is, otherwise, criminally possessed, **concerning a violation of Title __18__ United States code, Section(s) 1591(a)(1)(2) and 18 U.S.C. §922(g)(1). The facts to support a finding of Probable Cause are as follows:**

(SEE ATTACHED AFFIDAVIT OF SPECIAL AGENT JENNIFER MCCARTY).

**Continued on the attached sheet and made a part hereof.**     **XX** Yes __ No

Signature of Affiant
JENNIFER MCCARTY
Special Agent, ATF

**Sworn to before me, and subscribed in my presence**

__May 25, 2016__            at        __Dallas, Texas__
**Date**                                          **City and State**

**IRMA C. RAMIREZ**
**United States Magistrate Judge**
**Name and Title of Judicial Officer**                    **Signature of Judicial Officer**

## ATTACHMENT A

An Apple iPhone 5S, IMEI 579C-E2642B, with and FCC ID BCG-E2642A, which is white and gold in color (hereinafter the "Target Device").  The Target Device is currently in the custody of the Mesquite Police Department, 777 North Avenue, Mesquite, Texas 75149, in the Northern Judicial District of Texas

## ATTACHMENT B

1.  All records on the Target Device described in Attachment A that relate to violations of 18 U.S.C. §§ 1591 and 922(g)(1).

    a.  Any and all list of names, telephone numbers, and addresses contained on the Target Device;
    b.  Any and all names and phone numbers of persons who contacted or were contacted by this Target Device;
    c.  Images, pictures, photographs sent or received by the Target Device;
    d.  The content of any and all text and multimedia messages and emails on the Target Device, including text and multimedia messages and emails sent or received, draft, deleted, or retained;
    e.  The content of any and all voice mail messages;
    f.  All visual depictions of any individual engaging in prostitution or any sexual activity for which a person can be charged with a criminal offense;
    g.  Any information which indicates and/or is related to contact with individuals for the purposes of engaging in prostitution or any sexual activity for which a person can be charged with a criminal offense, or related to violations of 18 U.S.C. §§ 1591;
    h.  Any and all evidence of passwords needed to access the Target Device;
    i.  Any and all records, showing dominion, ownership, custody, or control over the Target Device;
    j.  All documents, including all temporary and permanent electronic files and records, (including, but not limited to, JPG, GIF, TIF, AVI, WAV and MPEG files) which concern or relate to prostitution or any sexual activity for which a person can be charged with a criminal offense, or violations of 18 U.S.C. §§ 1591;
    k.  All travel records or documents contained in the Target Device, including GPS data; and
    l.  All documents and/or visual depictions of firearms or ammunition.

2.  Evidence of user attribution showing who used or owned the Device at the time the usernames and passwords, documents, browsing history, registry entries, configuration files, user profiles, email, email contacts, "chats," instant messaging logs, photographs, and correspondence;

3.  Records evidencing the use of Internet Protocol addresses used by the Device to communicate with mail servers or other devices, including:

    a.  records of Internet Protocol addresses used;

b.      records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form

During the execution of this search warrant, the law enforcement personnel are authorized to depress the fingerprints and/or thumbprints of persons at the Subject Premises onto the Touch ID sensor of any Apple iPhone, iPad, or other Apple brand device with Touch ID in order to gain access to the contents of any such device.

AFFIDAVIT OF
Special Agent Jennifer McCarty
Bureau of Alcohol Tobacco Firearms and Explosives
101 East Park, Suite 500
Plano, Texas

1.      I, Jennifer McCarty, am a Special Agent with the Bureau of Alcohol Tobacco Firearms

and Explosives.  I have been so employed since June of 1990.  Prior to this, I was employed as a

Special Agent with the U.S. Department of State for three years.  I am currently assigned to the

Plano Satellite Office.  Previously I was assigned to the High Intensity Drug Trafficking Area

(HIDTA) Task Force.  I had served in this capacity for more than fifteen years. As an ATF

Special Agent, I attended specialized training at the Federal Law Enforcement Training Center in

Glynco, Georgia, and have successfully completed the criminal investigations course, the ATF

new agent training, and training in firearms trafficking and interstate nexus.  As part of a HIDTA

task force I also received additional training in narcotics investigations, with both the Federal

Bureau of Investigation and Homeland Security Investigations.  I have also attended training in

human trafficking investigations, and I have participated in several human trafficking

investigations.

2.      Based on my knowledge, experience and training, I am familiar with federal firearms

laws.  I know that it is a violation of the Federal firearms law for anyone previously convicted of

a felony to possess a firearm.   I also know that it is a violation of Federal law to recruit, entice,

or harbor any person who has not attained the age of 18 years to engage in commercial sex acts.

These acts are violations of 18 U.S.C. 922(g)(1) and 18 U.S.C. 1591 (a)(1)(2).

3.      The following affidavit is furnished to support a search warrant for the cellular telephone

described in **Attachment "A,"** which is an Apple iPhone 5S, IMEI 579C-E2642B, with and

FCC ID BCG-E2642A, which is white and gold in color (hereinafter the "Target Device").  In

**Affidavit - Page 1**

addition, the Affiant requests in a separate application that the Court order Martavious KEYS to provide biometric data, specifically his index and thumbprints, for use on the Target Device as a way to unlock the Target Device in furtherance of executing the search warrant.

4.     Affiant believes that the Target Device contains the following evidentiary information relating to the offense of Sex Trafficking of Children and Felon in Possession of a Firearm:

a. Contact lists to include, names, telephone numbers, addresses, and E-mail addresses.

b. Listings of incoming telephone calls, outgoing telephone calls, missed telephone calls, incoming text messages, outgoing text messages, unread text messages.

c. Ledgers, notes, digital photographs, and or videos.

d. Stored electronic mail (E-mail) addresses utilized to access E-mail.

e. Stored directions and locations on map applications.

f. Stored web browsing history on the internet web browser.

5.     Affiant believes that said property constitutes evidence that the aforementioned offenses were committed, and has probable cause for said belief by reason of the following facts and circumstances:

Through training and experience I am aware that individuals involved in Trafficking of Persons utilize electronic computer devices, including cellular telephones, to conduct and store evidence of criminal activities.

Individuals involved in the commercial sex trade often utilize cellular telephones and other digital media devices to advertise and promote their prostitution and trafficking enterprise. These media devices include but are not limited to, cellular telephones which can be utilized to access the internet and store photographs and videos.  Cellular telephones often have stored internet browsing histories of previous webpages accessed by users.  These browsing histories

**Affidavit - Page 2**

can be stored for easier access in "favorites" folder on the internet browser to make connecting to frequently visited and utilized websites easier for the user.

Also, individuals involved in commercial sex trafficking also utilize cellular telephones to communicate with one another regarding commercial sex transactions. This communication is often done by the sending and receiving of text messages, as well as telephone calls, to communicate with others including customers, commercial sex workers, and pimps. Cellular telephones have text message applications that store text messages and conversations with others.

In addition, individuals that facilitate commercial sex acts by posting ads online often use email accounts to communicate with the commercial sex websites. Cellular telephones also often have E-mail applications which allow users of cellular telephones easy access to various E-mail accounts. These E-mail addresses are typically stored on the cellular telephone under the settings and accounts application.

Individuals involved in commercial sex trafficking often travel from city to city and stay in hotels to conduct their business. Cellular telephones often have map applications as well as GPS histories, which can be utilized to provide travel directions from one location to another. This application will often store recently searched locations typed into the location search of the map application.

Photographs are important in the commercial sex industry, and are often used as a way of advertising the sexual services of the people in the photographs. Individuals often utilize cellular telephones to keep and store photographs of themselves and other individuals, including those being trafficked. The photographs can be easily shared from the cellular telephone to various Internet webpages and other individuals utilizing various applications on the cellular telephone.

**Affidavit - Page 3**

Based on the following facts, Affiant has probable cause necessary for the issuance of a search warrant for the Target Device.

6.     The information contained in this affidavit is based on my personal knowledge, and information provided by other law enforcement officers who have intimate knowledge of the facts and circumstances of this criminal investigation. I know, based on my training and experience, that cellular devices generally contain the following forms of evidentiary value:

   A. telephone call history, including outgoing calls, incoming calls and missed calls;
   B. stored telephone numbers and other identifying information;
   C. appointment calendars and information;
   D. caller identification information;
   E. electronic serial numbers;
   F. memos, including voice memos;
   G. passwords;
   H. applications;
   I. text and voice mail messages;
   J. text and messages contained in applications;
   K. photographs, and videos;
   L. any associated media;
   M. account information;
   N. tower data; and
   O. E-mail.

7.     As described above, I also know, based on my training and experience, that individuals who engage in human trafficking acquire and use cellular phones as a tool of the trade. Based on information provided in this affidavit, I believe there is probable cause to search the following cellular phone taken from Martavious KEYS on May 19, 2016, namely the Target Device. The Target Device is currently in the custody of the Mesquite Police Department, 777 North Avenue, Mesquite, Texas 75149, in the Northern Judicial District of Texas.

8.     On November 13, 2015, a federal criminal complaint was filed for Martavious KEYS for violations of 18 U.S.C. 1591(a)(1)(2), Sex Trafficking of Children, and 18 U.S.C. 922(g)(1), Felon in Possession of a Firearm. This complaint was based on incidents that occurred from on

or about March 15, 2015, to April 15, 2015, involving the trafficking of two minor victims, Jane

Doe 1 (age 15) and Jane Doe 2 (age 14). As part of this investigation, it was determined that

Martavious KEYS was posting advertisements for commercial sex acts involving these victims

on Backpage.com, a commercial sex website. He also used a cellular phone to communicate

with commercial sex customers through messages and phone calls to arrange commercial sex

transactions. It was also determined that Martavious KEYS was in possession of a firearm,

which he used during his sex trafficking activities.

9.      Law enforcement actively searched for Martavious KEYS after an arrest warrant was

issued – and he evaded arrest for six months. As part of the investigation, an Internet Protocol

Trace Order was obtained for his Facebook account. The results showed that Martavius KEYS

was accessing the Internet (and Facebook) from a cellular device. There was no indication that

Martavious KEYS was also accessing his Facebook account from a desktop or laptop computer.

10.     Martavious KEYS was arrested on May 19, 2016, by the Mesquite Police Department.

At the time of his arrest, he had in his possession the Target Device described above. Shortly

thereafter, Martavious KEYS waived his *Miranda* rights and agreed to talk with officers and

agents. Martavious KEYS admitted to trafficking the two minor victims described in the original

complaint. He also stated that he is familiar with Backpage.com, a web site used for commercial

sex acts. Martavious KEYS stated that he, in fact, posted the online advertisements on this site

for the victims. When Jane Doe 1 was interviewed on June 23, 2016, she stated stated that

Martavious KEYS had posted advertisements for both Jane Doe 1 and Jane Doe 2 by using a

cellular device. The investigation showed that the phone number associated with the

Backpage.com advertisements was associated with an email address,

BANKSKEYS8732@GMAIL.COM. This email account was also associated with Martavious

Affidavit - Page 5

KEYS' Facebook account.  Backpage.com communicates with its customers either through email or text messages regarding information about their advertisements and payment information.  Therefore, information regarding Backpage.com contact may appear in various places of a cellular phone.

11.     A check of the website Backpage.com indicates that Martavious KEYS posted advertisements on Backpage.com from January of 2015 through June of 2015, before and after the dates involving the known minors in the original complaint, as well as advertisements for Jane Doe 1 and Jane Doe 2 during the March through April 2015 timeframe the minor victims were with KEYS.  The fact that he continued to post Backpage.com advertisements for months after Jane Doe 1 and Jane Doe 2 were no longer with him indicates that he was continuing to engage in human trafficking,   and that he was likely using his cellular phone to facilitate commercial sex activities.

12.     KEYS' cellular phone requires a password or a fingerprint to have access to the contents. I know from my training and experience and my review of publicly available materials published by Apple that Martavious KEYS can enable what is referred to as "Touch ID," a feature that recognizes up to ten fingerprints designated by the authorized user of the iPhone.  A Touch ID sensor, a round button on the iPhone, can recognize fingerprints.  The fingerprints authorized to access the particular device are a part of the security settings of the device and will allow access to the device in lieu of entering a numerical passcode or longer alpha-numerical password, whichever the device is configured by the user to require.  The Touch ID feature only permits up to five attempts with a fingerprint before the device will require the user to enter a passcode. For these reasons, it is necessary to use the fingerprints and thumbprints of any device's users to attempt to gain access to Apple iPhone recovered when Martavious KEYS was arrested.  KEYS

**Affidavit - Page 6**

was observed in a video using his right index finger to unlock the Target Device. I know based on my training and experience that it is common for people to use one of their thumbs or index fingers for Touch ID, and in any event all that would result from successive failed attempts is the requirement to use the authorized passcode or password.

13.     During his interview, Martavious KEYS admitted that he was aware he was wanted by the police and was attempting to evade law enforcement. While KEYS was generally cooperative during his interview, he was not willing to consent for law enforcement to search his phone at that time.

14.     Based on the above information, I believe that probable cause exists that the cellular phone used by Martavious KEYS contains incoming and outgoing call logs;  text and voice mail messages; applications with text and voice mail messages; stored telephone numbers with other identifying information; appointment calendars and information, caller identification information, electronic serial number; memos, including voice memos; passwords; photographs, videos and associated media; account information; and tower data maintained by the service providers and stored in the telephone. There is probable cause to believe that this phone contains evidence of the violations of 18 U.S.C. 1591(a)(1)(2) and 18 U.S.C. 922(g)(1).

15.     Accordingly, the Affiant requests a search warrant for the Target Device to search for evidence related to criminal violations related to sex trafficking and firearms possession as described in **Attachment B.** Additionally, the Affiant presents Government's Application for Order Directing the Defendant to Unlock a Cellular Telephone Using His Fingerprints from the Court, compelling Martavious KEYS to place his fingerprint(s) on the Target Device in order to provide law enforcement access to it.

Special Agent Jennifer McCarty
Bureau of Alcohol Tobacco, Firearms and Explosives


Sworn and Subscribed to before me this _26th_ day of May, 2016 at _11:06_ a.m./p.m.


THE HONORABLE IRMA C. RAMIREZ
UNITED STATES MAGISTRATE JUDGE